PER CURIAM.
We affirm the trial court’s adjudication of Defendant, Green, being in violation of probation and the concurrent sentences. The public defender has filed a motion and *253 brief to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and by separate order we grant that motion.
Green has filed his own pro se brief, in which he raises the following grounds for reversal of the trial court’s order and sentence: (1) The affidavit and felony warrant issued in 1993 in accordance with the 1992-1994 version of section 948.06, Florida Statutes, was insufficient to toll probation; (2) The felony warrant statute of limitations applies to a violation of probation arrest warrant; (3) Green is entitled to incarceration credit from September 1, 1994, to January 26, 2008; (4) The State violated the negotiated plea agreement referenced at the March 17, 2008, February 6, 2009, and March 3, 2009 hearings; (5) Ineffective assistance of counsel; and (6) Double jeopardy.
We have thoroughly reviewed each of the grounds raised by Green, and the citations of authority that he has offered in support of those arguments. We find each argument to be without merit and most of the cases cited to be inapplicable. Accordingly, we find no error in the trial court’s determination of violation of probation and the sentence imposed thereon. Accordingly, we affirm without prejudice to file a motion under Florida Rule of Criminal Procedure 3.850, if Green can in good faith do so.

Affirmed,.

POLEN, HAZOURI and CIKLIN, JJ„ concur.